UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL M. McCREARY-EL,

    Plaintiff,

v.

STATE OF MICHIGAN; CATHY M. GARRETT, LISA DENISE PETERSON, DWAYNE B. SEALS, and WAYNE COUNTY CLERK'S OFFICE.

    Defendants.
_____/

Case No. 23-12100
Hon. Jonathan J.C. Grey

## ORDER GRANTING MOTIONS TO DISMISS FILED BY THE STATE OF MICHIGAN (ECF No. 13) AND THE WAYNE COUNTY DEFENDANTS (ECF No. 31)

**I.    INTRODUCTION**

On August 15, 2023, plaintiff Carnell M. McCreary-El filed this 42 U.S.C. § 1983 complaint against the State of Michigan, Cathy M. Garrett, Lisa Denise Peterson, Dwayne B. Seals, and the Wayne County Clerk's Office. (ECF No. 1.) The State of Michigan (the "State") filed a motion to dismiss (ECF No. 13), to which McCreary-El filed a response, and the State replied. (ECF Nos. 27, 28.) The remaining defendants (Garrett, Peterson, Seals, and Wayne County Clerk's Office, hereinafter "the

Wayne County defendants") also filed a motion to dismiss. (ECF No. 31.) McCreary-El did not file a response to their motion.

The Court concludes that oral arguments would not aid in the disposition of the motions, and it is ruling on the briefs alone. *See Kloss v. RBS Citizen*, 996 F. Supp. 2d 574, 590 (E.D. Mich. 2014) (courts may determine motions on the briefs without a hearing) (citing Fed. R. Civ. P. 78(b)); *Mohlong v. Long Beach Mortg.*, No. 12-10120, 2013 WL 827221, at *2 (E.D. Mich. Mar. 6, 2013) (stating that the Eastern District of Michigan LR 7.1(f)(2) gives discretion to the Court to decide motions without hearings). For the reasons that follow, the Court **GRANTS** both motions to dismiss.

## II. BACKGROUND

McCreary-El alleges that, as of August 14, 2023, he had a pending criminal matter in Wayne County Circuit Court, and he was exercising his First Amendment right to petition that court. (ECF No. 1, at ¶ 1.) He had a scheduled court matter on August 17, 2023, for which he sought to file a paper copy of one or more motions or responses. (*Id.* at ¶ 9.) McCreary-El states that Garrett, through her agent Peterson, denied him the right to file defense motions by refusing to allow him to file a paper

2

copy, claiming that only prisoners can file paper copies. (*Id.* at ¶ 2.) McCreary-El alleges that his cousin, Shaka Wilson, was similarly denied the right to file paper pleadings in the civil division of the Wayne County Clerk's Office. (*Id.* at ¶¶ 7–8.)

McCreary-El claims that the Wayne County defendants violated his procedural and substantive due process rights to file his pleadings, as well as his right to access the court to petition the government for redress of grievances, when they refused to file his pleadings. (*Id.* at ¶¶ 3, 10, 11.)[1] He also asserts that his Equal Protection rights were violated because defendants allowed a convicted felon to file paper copies but not non-convicted persons. (*Id.* at ¶ 5.) In a "supplemental complaint," McCreary-El clarifies that he is suing Garrett, Peterson, and Seals only in their individual capacity. (ECF No. 17, at ¶ 3.) He further alleges that the conduct described above is a "custom of the County of Wayne." (*Id.*)

McCreary-El also alleges that the State enforced M.C.L. §§ 600.2950 and 600.2950a (two personal protection order statutes), but that enforcement was unconstitutional. (ECF No. 1, at ¶ 10 (the first

---

[1] McCreary-El's complaint includes two paragraph 10s. (*See* ECF No. 1, PageID.3.) The allegations related to the Wayne-County defendants appear in the second paragraph 10.

3

paragraph 10).) He asks the Court to hold the two statutes void ab initio, i.e., invalid as written from the beginning. (*Id.*) In his "supplemental complaint," McCreary-El states that he is suing the State only for injunctive relief. (ECF No. 17, at ¶ 2.) Finally, McCreary-El indicates that he desires that his case be certified as a class action. (*See* ECF No. 1, PageID.1 (Preamble); ECF No. 17, at ¶ 4.)

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Fed.R.Civ.P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id.*

A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.*  Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

*Cartwright v. Garner*, 751 F.3d 752, 759–760 (6th Cir. 2014).

    **B.**    **Rule 12(c)/Rule 12(b)(6)**

The standard of review for motions under Rule 12(c) is the same as for motions under Rule 12(b)(6). *Kottmyer v. Maas,* 436 F.3d 684, 689 (6th Cir.2006).

A motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Claims comprised of "labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555 (citations omitted); *Doe v. Michigan State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021).

## IV. ANALYSIS

### A. The State's Motion to Dismiss

McCreary-El's sole claim against the State is that M.C.L. §§ 600.2950 and 600.2950a are unconstitutional. The State contends that McCreary-El's claim must be dismissed because the Eleventh Amendment bars civil rights actions against the state and its agencies and departments, unless: (a) the state has waived its immunity and consented to suit; or (b) Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). McCreary-El argues that the State has no immunity, citing a series of cases: *The Civil Rights Cases*, 109 U.S. 3 (1883); *DeShaney v. Winnebago Cnty. Dep't of Soc.*

6

*Servs.*, 489 U.S. 189 (1989); *Foy v. City of Berea*, 58 F.3d 227 (6th Cir. 1995).

The Court agrees with the State. First, none of the cases cited by McCreary-El address the issue of a state's right to immunity pursuant to the Eleventh Amendment. Second, as the Sixth Circuit has held, "[i]t is well established that § 1983 does not abrogate the Eleventh Amendment . . . and that Michigan has not consented to the filing of civil rights suits against it in federal court." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (internal citations omitted). Third, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th 1993) (internal citations omitted). Accordingly, McCreary-El's claim against the State fails as a matter of law, and the State's motion to dismiss is **GRANTED**.

### B. Wayne County Defendants' Motion to Dismiss

McCreary-El complains that, when the Wayne County defendants refused to file his paper pleadings with the Wayne County Circuit Court, they violated his constitutional right to access the court.

Based on his complaint, the Court finds that, at least as it relates

7

to McCreary-El's allegations, the Wayne County Clerk's Office and its employees, Garrett, Peterson, and Seals, were functioning as an arm of the Wayne County Circuit Court and are entitled to absolute quasi-judicial immunity. *See, e.g., Wojnicz v. Davis*, 80 F. App'x 382, 383–384 (6th Cir. 2003) (granting absolute quasi-judicial immunity to court clerks in relation to a suit about their "processing the state court habeas corpus petition" even if "they committed [ ] errors in handling" it); *Williams v. Parikh*, No. 1:23-CV-167, 2023 WL 8824845, at *8 (S.D. Ohio Dec. 21, 2023) (citing *Wojnicz*) (plaintiff "is entitled to absolute quasi-judicial immunity because the heart of this claim relates to filing (or, more accurately, failing to file) a civil cause in court—an intrinsically judicial act integral to the adjudicatory process.").

Accordingly, the Court **GRANTS** the motion to dismiss filed by Garrett,[2] Peterson, Seals,[3] and the Wayne County Clerk's Office.

---

[2] Any claim against Garrett also must be dismissed because McCreary-El fails to allege that Garrett was personally involved in the alleged refusal to file McCreary-El's motions. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006) ("Respondeat superior is not a proper basis for liability under § 1983"); *Johnson v. Armstrong*, No. 04-3023, 2005 WL 2210074, at *3 (W.D. Tenn. Sept. 12, 2005) (dismissing claim where the "plaintiff d[id] not allege that [the court clerk] was personally responsible for the delay in filing his complaint or that [the court clerk] was even aware that the complaint had been received but not filed.").

[3] The only alleged conduct by Seals was that Seals purportedly denied McCreary-El's cousin, Shaka Wilson, the right to file paper pleadings in the civil division of the

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the State's motion to dismiss (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the Wayne County defendants (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that McCreary-El's cause of action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: September 5, 2024         **s/Jonathan J.C. Grey**
                                 Jonathan J.C. Grey
                                 United States District Judge

---

Wayne County Clerk's Office. Wilson is not a party to this action, so 28 U.S.C. § 1654 bars McCreary-El from asserting claims on Wilson's behalf. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (section 1654 "does not permit plaintiffs to appear pro se where interests other than their own are at stake"); *Brown v. Bobbett*, No. 20-1278, 2021 WL 982335, at *1 (W.D. Tenn. Mar. 16, 2021) ("A non-lawyer may not represent another non-lawyer in connection with a matter pending in federal court."). As Wilson has not appeared as a party and McCreary-El does not allege that Seals violated any of McCreary-El's rights, the Court concludes that McCreary-El has failed to state a claim against Seals, and McCreary-El's cause of action against Seals also must be dismissed for this reason.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 5, 2024.

s/ **S. Osorio**  
Sandra Osorio  
Case Manager